IGNACIA MORENO, Assistant Attorney General
JEAN E. WILLIAMS, Chief
KRISTEN GUSTAFSON, Assistant Chief
MEREDITH L. FLAX, Senior Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0404 (tel)
(202) 305-0275 (fax)

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILDEARTH GUARDIANS, </br></br> Plaintiff, </br></br> v. </br></br> KENNETH SALAZAR, </br>*U.S. Secretary of the Interior,* </br>*sued in his official capacity* </br></br> Defendant. | Case No. 4:10-cv-0074-JMR </br></br> **ANSWER** |

Defendant, Kenneth Salazar, ("Defendant") provides the following Answer to the allegations contained in Plaintiff's Complaint for Declaratory and Injunctive Relief ("Complaint").

1. The allegations in paragraph 1 constitute characterizations of Plaintiff's case and conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in paragraph 1.

2. The allegation in the first sentence of paragraph 2 purports to characterize a portion of the Endangered Species Act ("ESA"), a statute that speaks for itself and is the best evidence of its content. Defendant denies any allegation contrary to the plain language and meaning of the cited portion of the statute. The allegation in the second sentence of paragraph 2 purports to characterize a Federal Register notice found at 74

Fed. Reg. 33957, 33958, a document that speaks for itself and is the best evidence of its content.  Defendant denies any allegation contrary to the plain language and meaning of the document. The allegations in the third, fourth, and fifth sentences of paragraph 2 constitute characterizations of Plaintiff's case and conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant denies the allegations in the third, fourth, and fifth sentences of paragraph 2.

3. The allegations in paragraph 3 consist of legal conclusions which require no response.  To the extent a response may be deemed required, Defendant denies the allegations in paragraph 3.

4. The allegations in the first and fifth sentences of paragraph 4 consist of legal conclusions which require no response.  To the extent a response may be deemed required, Defendant denies the allegations in the first and fifth sentences of paragraph 4. Defendant lacks sufficient information to admit or deny the allegations in the second sentence of paragraph 4, and on that basis denies them.  In response to the allegations in the third sentence of paragraph 4, Defendant admits that Southeastern Arizona, including Cochise, Santa Cruz, Pima, Graham, and Greenlee Counties contained the last known Parrots in the United States and denies the remainder of allegations.  Defendant admits the allegations in the fourth sentence of paragraph 4.

5. Defendant lacks sufficient information to admit or deny the allegations in paragraph 5, and on that basis denies them.

6. Defendant admits the allegation contained in paragraph 6.

7. The allegations in the first and second sentences of paragraph 7 purport to characterize portions of the ESA, a statute that speaks for itself and is the best evidence of its content.  Defendant denies any allegation contrary to the plain language and meaning of the cited portions of the statute.  The allegation in the third sentence of paragraph 7 constitute characterizations of Plaintiff's case and conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant denies the allegations in the third sentence of paragraph 7.

1  8.  The allegations in paragraph 8 purport to characterize a portion of the ESA, a
2  statute that speaks for itself and is the best evidence of its content.  Defendant denies any
3  allegation contrary to the plain language and meaning of the cited portion of the statute.

4  9. The allegations in paragraph 9 purport to characterize a portion of the ESA, a
5  statute that speaks for itself and is the best evidence of its content.  Defendant denies any
6  allegation contrary to the plain language and meaning of the cited portion of the statute.

7  10.  The allegations in paragraph 10 purport to characterize a portion of the ESA, a
8  statute that speaks for itself and is the best evidence of its content.  Defendant denies any
9  allegation contrary to the plain language and meaning of the cited portion of the statute.

10  11.  The allegations in paragraph 11 purport to characterize portions of the ESA, a
11  statute that speaks for itself and is the best evidence of its content.  Defendant denies any
12  allegation contrary to the plain language and meaning of the cited portions of the statute.

13  12.  The allegation in paragraph 12 purports to characterize a Federal Register
14  notice, 59 Fed. Reg. 34272, a document that speaks for itself and is the best evidence of
15  its content, and no response is required.  Defendant denies any allegation contrary to the
16  plain language and meaning of cited document.

17  13.  Defendant admits the allegations found in the first, second, and third sentences
18  of paragraph 13.  Defendant lacks sufficient information to admit or deny the allegations
19  contained in the fourth sentence of paragraph 13, and on that basis denies them.

20  14.  Defendant admits the allegations found in the first, second, and third sentences
21  of paragraph 14.  Defendant denies the allegations found in the fourth sentence of
22  paragraph 14.

23  15.  Defendant admits the allegations found in paragraph 15.

24  16.  Defendant denies the allegations found in the first, fourth, fifth, sixth, and
25  seventh sentences of paragraph 16.  Defendant admits the allegations found in the second
26  and third sentences of paragraph 16.

27  17.  Defendant lacks sufficient information to admit or deny the allegations
28  contained in the first, second, third, and fifth sentences of paragraph 17, and on that basis

1  denies them.  Defendant denies the allegation found in the fourth sentence of paragraph
2  17.
3       18.   Defendant admits the allegations found in paragraph 18.
4       19.   The allegations in the first, second, and fourth sentences of paragraph 19
5  purport to characterize a Federal Register notice, 74 Fed. Reg. 33957, 33958, a document
6  that speaks for itself and is the best evidence of its content.  Defendant denies any
7  allegation contrary to the plain language and meaning of the document.  Defendant admits
8  the allegations found in the third sentence of paragraph 19.
9       20.   Defendant admits the allegations found in paragraph 20.
10      21. The allegations in paragraph 21 purport to characterize information located on
11  the U.S. Fish and Wildlife Service's webpage and biannual reports from the U.S. Fish and
12  Wildlife Service to Congress, information and documents that speak for themselves and
13  are the best evidence of their content.  Defendant denies any allegation contrary to the
14  plain language and meaning of information and documents.
15      22.   The allegations in paragraph 22 constitute characterizations of Plaintiff's case
16  and conclusions of law to which no response is required.  To the extent a response may be
17  deemed required, Defendant denies the allegations.
18      23.   Defendant admits the allegations found in paragraph 23.
19      24.   Defendant admits the allegations found in the first through eighth, and tenth
20  through twelfth sentences of paragraph 24.  As for the allegations found in the ninth
21  sentence of paragraph 24, Defendant admits that successful reintroduction could be
22  possible with wild caught birds from translocations, but otherwise denies the allegations
23  in this sentence.
24      25.   The allegation in the first sentence of paragraph 25 purports to characterize
25  information contained in a letter dated October 23, 2009 from Plaintiff to Defendant, a
26  document that speaks for itself and is the best evidence of its content.  Defendant denies
27  any allegation contrary to the plain language and meaning of the document.  Defendant
28  admits the allegations found in the second and third sentences of paragraph 25.

26. Defendant's responses to paragraphs 1-25 are incorporated herein by reference.

27. Defendant denies the allegations in the first sentence of paragraph 27. The allegations in the second, third, and fourth sentences of paragraph 27 consist of conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in the second, third, and fourth sentences of paragraph 27.

28. Defendant's responses to paragraphs 1-27 are incorporated herein by reference.

29. Defendant denies the allegations in paragraph 29.

The remainder of the Complaint consists of Plaintiff's request for relief, which requires no response. To the extent a response may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendant hereby denies any allegations of Plaintiff's Complaint, whether express or implied, that are not otherwise specifically admitted, denied, or qualified herein.

## DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff lacks standing to bring its claims.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for Defendant, and that the Court order such other and further relief as the Court may allow.

Respectfully submitted this 12th day of April, 2010.

IGNACIA MORENO,
Assistant Attorney General
JEAN E. WILLIAMS, Chief
KRISTEN GUSTAFSON, Assistant Chief

*/s/ Meredith L. Flax*
MEREDITH L. FLAX, Senior Trial Attorney
D.C. Bar No. 468016
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0404
Fax: (202) 305-0275
Email: meredith.flax@usdoj.gov

*Attorneys for Federal Defendants*